STATE OF NORTH CAROLINA v. STANLEY RAY BLACKMON

No. 7718SC988

(Filed 2 May 1978)

1. Trespass § 13— forcible entry and detainer—sufficiency of warrant

A warrant charging that defendant with force and violence trespassed upon the property of a named person in violation of G.S. 14-126 was sufficient to charge the crime of forcible entry and detainer prohibited by G.S. 14-126, although it would have been better for the warrant to have charged that the named person was in occupancy of the property at the time of the entry.

2. Trespass § 13— forcible entry—sufficiency of evidence

In a prosecution for forcible entry in violation of G.S. 14-126, evidence that defendant cut a screen and unlatched and opened a screen door and that he attempted to open the door by working the latch back with a plastic card was sufficient to show an entry, and evidence that there had been an altercation between the prosecuting witness and defendant earlier in the evening and that the prosecuting witness was frightened enough to have his shotgun ready in case defendant was able to get inside the house was sufficient to support a jury finding that the entry was likely to cause a breach of the peace and was, therefore, with force and violence.

3. Criminal Law § 73.2— invitation to home—testimony not hearsay—exclusion as harmless error

In a prosecution for forcible entry, the trial court erred in the exclusion of defendant's testimony that the prosecuting witness's daughter invited him to

the home where the incident occurred two or three days prior thereto, since the testimony was not hearsay but was competent to show that defendant went to the home as a result of the invitation; however, the exclusion of the testimony was harmless error since the alleged crime did not occur when defendant first went to the home but occurred after defendant had been ordered to leave and defendant thereafter returned to the home later the same night.

**4. Trespass § 13— forcible entry—instructions**

The trial judge properly explained the force necessary for defendant to be found guilty of forcible entry and detainer when he instructed the jury that the State had the burden of proving that defendant in making the entry "used such force or threatened to use such force as would tend to be a breach of the peace, and actual force or appearance tending to inspire a just apprehension of violence is necessary to constitute the offense."

**5. Criminal Law § 138.11— trial de novo—more severe punishment**

Upon an appeal from district court for a trial de novo in superior court, the superior court could properly impose punishment in excess of that imposed in the district court.

APPEAL by defendant from *Seay, Judge.* Judgment entered 21 July 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 March 1978.

The defendant was charged with forcible entry under G.S. 14-126. He was convicted in the district court and sentenced to 30 days in jail. He appealed to the superior court where he was again convicted and received a sentence of seven months with a recommendation that he be put on work release.

Mr. James D. Marshall testified for the State that he lived at Route 1, Pleasant Garden, North Carolina and had known the defendant for approximately one and a half years. Further testimony of Mr. Marshall was that he had forbidden the defendant to come in his house about six months before 19 March 1977; that on 18 March 1977, the defendant came to his home and he ordered the defendant out of his home at approximately 12:15 a.m. on 19 March 1977. The defendant left and Mr. Marshall lay on the couch with his 11-year-old daughter. They were awakened at approximately 4:00 a.m. by the defendant who was trying to force his way into the house. Mr. Marshall testified that he saw the defendant cut the screen, trip the screen door latch, open the screen, and try to open the door by working the latch back with what looked like a plastic business card. Mr. Marshall further

testified that he waited with a shotgun in case the defendant was able to get inside the house. He testified further that the defendant was not able to open the door and left. The defendant returned at 7:00 a.m. and again tried to force the door, but was unsuccessful. This time he left for good.

The defendant testified he was in Mr. Marshall's home on 19 March 1977; that he left and did not return after Mr. Marshall asked him to leave.

From the prison sentence imposed, the defendant has appealed. Other facts necessary to this case will be set forth in the opinion.

*Attorney General Edmisten, by Associate Attorney Henry H. Burgwyn, for the State.*

*Cahoon and Swisher, by Robert S. Cahoon, for the defendant.*

WEBB, Judge.

[1] The defendant has brought forward several assignments of error. First, he contends that the warrant does not charge a crime under G.S. 14-126, and that the proof is insufficient to sustain a conviction under that statute.

G.S. 14-126 says:

"No one shall make entry into any lands and tenements, or term for years, but in case where entry is given by law; and in such case, not with strong hand nor with multitude of people, but only in a peaceable and easy manner; and if any man do the contrary he shall be guilty of a misdemeanor."

The warrant in this case charges:

"On or about the 19 day of March 1977 . . . the defendant . . . did unlawfully, willfully, and with force and violence trespass upon the property of James D. Marshall located at Route 1, Box 90, Pleasant Garden, North Carolina in violation of the following law: G.S. 14-126."

There is an article at 39 N.C. L. Rev., 121 *et seq.*, by Professor David J. Sharpe, concerning three separate crimes regarding entries to property which exist in this State. These are (1)

forcible trespass, (2) entry after being forbidden, G.S. 14-134, and (3) forcible entry and detainer, G.S. 14-126, the crime with which the defendant is charged in this case. Professor Sharpe points out that forcible trespass is a common law crime which had its beginning in England; exists today in North Carolina and perhaps in England, but probably nowhere else in the world. Forcible entry and detainer was first made a crime in England in 1381 during the reign of Richard II. The North Carolina statute is a close translation of the French in which it was originally written. The principal distinctions between forcible trespass and forcible entry and detainer are that forcible trespass requires that the complaining party be an occupant of the premises while forcible entry and detainer requires occupancy plus some type of estate in the land. Forcible trespass requires an assault on the occupant of the premises while forcible entry and detainer does not require an assault on a person, but only an entry with a "strong hand", that is, something that could cause a breach of the peace. Entry after being forbidden does not involve an assault or entry with a strong hand, and it does not require actual occupancy of the land by the complaining party, but it does require the complaining party to have legal title to the land.

Examining the warrant under which the defendant was charged in this case, it appears that it meets the test of *State v. Teasley*, 9 N.C. App. 477, 176 S.E. 2d 838 (1970) by giving the defendant notice of the charge against him so that he may prepare his defense, plead double jeopardy if brought to trial again for the same offense, and enables the court to pronounce judgment in case of conviction. It would have been better for the warrant to have charged that Mr. Marshall was in occupancy of the property at the time of the entry, but we do not see how the defendant could fail to know with what crime he was charged when the warrant cited the section and charged that with "force and violence" he trespassed upon the property of James Marshall.

[2] The defendant argues that the State failed in its proof in that the cutting of a screen or removal of a lock does not constitute violence. We hold that the unlatching and opening of the screen and the attempt to open the door as shown by the State's evidence is enough to constitute entry. The fact that there had been an altercation between Mr. Marshall and the defendant earlier in the evening, together with all the circumstances in-

cluding the fact that Mr. Marshall was frightened enough to have his shotgun ready, is evidence from which the jury could conclude the entry was likely to cause a breach of the peace which would make it with force and violence.

[3] The defendant assigns as error the exclusion of offered testimony by him of an invitation Mr. Marshall's daughter extended to him to the Marshall home two or three days before the incident. We believe this was error. The testimony was not hearsay. It was offered to prove he was invited, not the truth of the daughter's extrajudicial statement and it depended on the witness not the daughter for credibility. 1 Stansbury's N.C. Evidence, § 138 (Brandis Rev. 1973). We believe this exclusion was harmless error, however. There was not a real dispute as to the defendant's being in the home the first time. It was after he was ordered to leave the home by Mr. Marshall and returned that the alleged unlawful entry occurred.

The defendant also assigns as error the rulings of the trial court on several other evidentiary matters. At one point, the defendant's counsel asked Mr. Marshall if he did not testify in district court that the defendant "busted" in the door the first time he came to the house. Mr. Marshall answered that the defendant opened the door and came in. Defendant contends this was not responsive and the court should have required the witness to properly answer the question. Continuing this line of questioning, defendant's counsel asked Mr. Marshall how he knew the defendant pushed open the door if Mr. Marshall was, as he said, in his bedroom. Mr. Marshall said he was "going by sound." Defendant contends Mr. Marshall's entire line of testimony as to how defendant first entered the house should have been struck on the basis of this answer. During cross-examination of the defendant, the Assistant District Attorney stated, "[d]uring the entire time he (Mr. Marshall) was testifying, I noticed you kept laughing as if it was a joke." The defendant contends the District Attorney was allowed to make a jury speech in the guise of a question which was error. While we might have ruled differently in all the above instances, we do not believe the court's rulings so abused its discretion to conduct the trial as to constitute reversible error. *Greer v. Whittington*, 251 N.C. 630, 111 S.E. 2d 912 (1959).

The defendant also contends the court erred in the charge in several respects. The court instructed the jury that the warrant

charged the defendant with entry by force and violence which the defendant contends was error as the warrant charged a trespass. The court instructed the jury in another part of the charge that trespass and entry were being used synonymously. We can see no error here.

[4]   At one point in the charge, the court instructed the jury that the State must prove beyond a reasonable doubt that the defendant made an unpermitted and willful and wrongful entry onto the premises. The defendant contends this is error because it does not charge that the entry must be with force and violence. In explaining the type of entry required the court said, "[t]he State must satisfy you from the evidence and beyond a reasonable doubt that the defendant Blackmon in making the entry onto the premises used such force or threatened to use such force as would tend to be a breach of the peace, and actual force or appearance tending to inspire a just apprehension of violence is necessary to constitute the offense." We believe this was a clear explanation of the force necessary for the defendant to be found guilty of forcible entry and detainer.

[5]   Finally, the defendant contends it was error for the superior court to impose a sentence of seven months after he had received a sentence of 30 days in the district court. In this assignment of error, we find no merit. *State v. Harrell*, 281 N.C. 111, 187 S.E. 2d 789 (1972).

No error.

Judges PARKER and VAUGHN concur.